Vitali Victor **MAKARKINE**, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 03–73705.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 20, 2007 *.

Filed Dec. 28, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The Law Offices of Kaiser and Capeci, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Vitali Victor Makarkine, a native and citizen of Russia, petitions for review of a final decision by the Board of Immigration Appeals (BIA), affirming an Immigration Judge's (IJ) ruling that his asylum application was untimely and that he failed to establish his eligibility for either withholding of removal or relief under the Convention Against Torture (CAT). We deny the petition for review.

## DISCUSSION

1. *Asylum*

Makarkine's request for asylum was not timely filed. *See Reyes–Reyes v. Ashcroft,* 384 F.3d 782, 786 (9th Cir.2004) (noting one-year filing requirement). He nonetheless contends that because he had a pending application for adjustment and a work permit that gave him "legal status," he was entitled to defer filing his asylum application pursuant to 8 C.F.R. § 208.4(a)(5)(iv) (allowing an alien who has "maintained Temporary Protected Status, lawful immigrant or nonimmigrant status" a "reason-

able period" to file for asylum after that status has ended). We have jurisdiction to review this matter. *See Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007) (per curiam) (holding that timeliness of an asylum application may be reviewed as a matter of law when the facts are undisputed).

We conclude Makarkine's late filing is not excused. Although he married a United States citizen, his request for an adjustment of status based on that marriage was denied because of a prior felony conviction. Makarkine's appeal of that decision and the issuance of a work permit may have caused him to believe he had a legal status, but as the IJ reasoned, the appeal "would not confer any type of legal status on him" and the work permit did not give him "legal immigration status in the United States." Makarkine's due process rights were not violated when the IJ cut off argument on the issue. The record indicates she did so only after Makarkine testified regarding the timing of his asylum application and *after* his attorney's arguments. Finally, we agree with the IJ's alternative ruling that, regardless of the timeliness of Makarkine's application, he is not qualified for asylum because of his prior felony conviction. *See* 8 U.S.C. § 1158(b)(2)(A)(ii).

2. *Denial of Withholding of Removal and CAT Relief*

The one-year deadline for filing an asylum application does not apply to withholding of removal or CAT relief and thus we review the denial of those claims on the merits. *Shire v. Ashcroft,* 388 F.3d 1288, 1294 (9th Cir.2004). To establish eligibility for withholding of removal, Makarkine was required to show it is "more likely

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

than not" that he would suffer persecution if he returns to Russia. *See Ramadan,* 479 F.3d at 658 (internal quotation marks omitted). To obtain CAT relief, Makarkine was required to demonstrate "it is more likely than not he would be tortured" in Russia. *See Unuakhaulu v. Gonzales,* 416 F.3d 931, 939 (9th Cir.2005) (internal quotation marks omitted).

■ Makarkine claims religious persecution because he was harassed in school for being a member of the Russian Orthodox Church, and political persecution because he was arrested, detained and beaten by police for participating in college student protests against studying Communism. The IJ credited Makarkine's testimony but questioned whether being "taunted and harassed ... in his high school" was religious prosecution. She also questioned "the depth and involvement of [Makarkine] in any type of political activities," noting the "vagueness of his testimony as to when these incidents took place, how many people were involved, what the purpose of the protests were, ... [and] the fact he never made any claim regarding his arrests in any of the applications he filed before filing for political asylum." Finally, the IJ concluded that even if these incidents amounted to past persecution, "circumstances have changed [in Russia] to such an extent that it is highly unlikely any authorities would have any interest in him now on account of his prior expression of his political opinion or his religious affiliation." The record supports these conclusions and, accordingly, requires us to deny the petition for review. *See Krotova v. Gonzales,* 416 F.3d 1080, 1084 (9th Cir.2005) (noting court may grant the petition for review "only if the record compels a contrary result").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.